The STATE of Ohio, Appellee,

v.

MOODY, Appellant.

[Cite as *State v. Moody* (1996), 116 Ohio App.3d 176.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA96-04-068.

Decided Dec. 16, 1996.

*John F. Holcomb,* Butler County Prosecuting Attorney, and *Barbara Schneider,* Assistant Prosecuting Attorney, for appellee.

*Roger D. Staton,* for appellant.

POWELL, Judge.

Defendant-appellant, John Moody, appeals a decision of the Butler County Court of Common Pleas finding him in contempt of court and sentencing him to a fine and incarceration in the Butler County Jail.

On February 21, 1996, appellant was indicted for grand theft in violation of R.C. 2913.02(A)(1). Appellant entered a plea of not guilty, and the matter

proceeded to a jury trial, which was held on April 2 and 3, 1996. After the trial, appellant was found not guilty of grand theft as specified in the indictment.

Following the return of the jury verdict, the trial court found appellant in contempt of court and summarily ordered him incarcerated for failure to appear during the jury deliberations. The record indicates that the jury began deliberating at approximately 10:15 a.m. on April 3, 1996. The jury submitted two questions to the court at approximately 10:25 a.m. Appellant was not present when the jury submitted its questions to the court. The trial court waited approximately one hour for appellant to return before answering the jury's questions in appellant's absence. Appellant returned to the courtroom at approximately 2:00 p.m. that afternoon. Upon his return to the courtroom, appellant informed the court that he had taken his brother to a medical appointment.

The trial court found appellant in direct contempt of court and summarily ordered him incarcerated for his failure to appear during the jury deliberations. On April 5, 1996, the trial court held a dispositional hearing on the contempt charge, after which the court sentenced appellant to six months' incarceration and a $5,000 fine. This sentence was journalized by an entry dated April 16, 1996. On April 12, 1996, the trial court held a second hearing and reduced appellant's sentence to thirty days' incarceration and a $250 fine. This sentence was journalized by an entry dated April 16, 1996 and filed one minute after the preceding sentence. It is from the finding of contempt and subsequent sentencing that appellant now appeals, setting forth the following assignments of error:

Assignment of Error No. 1:

"The trial court erred to the prejudice of appellant by incarcerating him for ten days without a journalized entry."

Assignment of Error No. 2:

"The trial court erred in finding direct contempt and imposing a six-month sentence and $5,000.00 fine and in finding any contempt and imposing any fine."

We will address appellant's second assignment of error first. In his second assignment of error, appellant contends that the trial court erred in finding him in contempt and sentencing him to a six-month term of incarceration and a $5,000 fine. Appellant argues that under the circumstances, the court erred in finding any contempt and imposing any fine. Appellant further argues that since the trial court did not instruct appellant in advance that he would be required to be available during jury deliberations, appellant did not disobey an order of the court.

 " 'Contempt of court' is defined as the disobedience or disregard of a court order or command of judicial authority." *In re Parker* (1995), 105 Ohio

App.3d 31, 34, 663 N.E.2d 671, 673. Contemptuous conduct is disrespectful of the administration of justice or tends to humiliate, hinder, or obstruct the court in the performance of its duties. *Denovchek v. Trumbull Cty. Bd. of Commrs.* (1988), 36 Ohio St.3d 14, 15, 520 N.E.2d 1362, 1363–1364; *Parker* at 34, 663 N.E.2d at 673. Consequently, the objective of the law of contempt is to protect the effective administration of justice, secure the propriety and dignity of the court, and maintain the superiority of the law. *Cramer v. Petrie* (1994), 70 Ohio St.3d 131, 133, 637 N.E.2d 882, 884.

■ Contempt can be classified as either criminal or civil. The purpose of a criminal contempt citation is to punish, whereas the purpose of a civil contempt citation is to coerce. *Brown v. Executive 200, Inc.* (1980), 64 Ohio St.2d 250, 254, 416 N.E.2d 610, 613; *State v. Castle* (1994), 92 Ohio App.3d 732, 735, 637 N.E.2d 80, 82. Criminal contempt sanctions are designed to vindicate the authority of the court and punish past acts of disobedience. *Denovchek*, 36 Ohio St.3d at 16, 520 N.E.2d at 1364; *State v. Kilbane* (1980), 61 Ohio St.2d 201, 205, 15 O.O.3d 221, 223–224, 400 N.E.2d 386, 390. Civil contempt sanctions are designed to benefit the complainant and to coerce, imposing punishment until an individual purges the contempt by complying with a particular court order. *Denovchek* at 16, 520 N.E.2d at 1364; *Kilbane* at 205, 15 O.O.3d at 223–224, 400 N.E.2d at 390.

■ Within the context of criminal contempt, contemptuous conduct can be further classified as either direct or indirect. Direct contempt involves misbehavior or disobedience of a court order that occurs in the presence of the court, whereas indirect contempt involves an act or conduct that takes place outside the presence of the court. *In re Carroll* (1985), 28 Ohio App.3d 6, 8, 28 OBR 15, 16, 501 N.E.2d 1204, 1206–1207.

■ A court may summarily punish a person who is guilty of direct contempt, where there is an obvious need to immediately act. *In re Davis* (1991), 77 Ohio App.3d 257, 267, 602 N.E.2d 270, 277; *Carroll*, 28 Ohio App.3d at 8, 28 OBR at 16, 501 N.E.2d at 1206–1207; R.C. 2705.01. However, where indirect contempt is alleged, and the court has no personal knowledge of the alleged contemptuous conduct because it does not occur in the court's immediate physical presence, the court must afford the accused with certain procedural safeguards, including a written charge, entry on the court's journal, an adversary hearing, and an opportunity for legal representation. *State ex rel. Seventh Urban, Inc. v. McFaul* (1983), 5 Ohio St.3d 120, 122, 5 OBR 255, 256–257, 449 N.E.2d 445, 447–

448; *Carroll,* 28 Ohio App.3d at 8, 28 OBR at 16, 501 N.E.2d at 1206–1207; R.C. 2705.03.[1]

The failure to appear at or arriving late to a hearing before the court occurs in the constructive presence of the court rather than the immediate presence of the court and is treated as indirect contempt. *Davis,* 77 Ohio App.3d at 264, 602 N.E.2d at 274–275; *Cleveland v. Ramsey* (1988), 56 Ohio App.3d 108, 564 N.E.2d 1089, paragraph one of the syllabus; *E. Cleveland v. Reed* (1977), 54 Ohio App.2d 147, 376 N.E.2d 973, paragraph four of the syllabus. See, also, *State v. Local Union 5760, United Steelworkers of Am.* (1961), 172 Ohio St. 75, 82, 15 O.O.2d 133, 137–138, 173 N.E.2d 331, 337–338.

A trial court's finding of contempt will not be disturbed on appeal absent an abuse of discretion. *State ex rel. Delco Moraine Div., Gen. Motors Corp. v. Indus. Comm.* (1990), 48 Ohio St.3d 43, 44, 549 N.E.2d 162, 163–164; *State ex rel. Ventrone v. Birkel* (1981), 65 Ohio St.2d 10, 11, 19 O.O.3d 191, 191, 417 N.E.2d 1249, 1249–1250; *State v. McDermott* (1991), 73 Ohio App.3d 689, 692, 598 N.E.2d 147, 149. An abuse of discretion connotes more than an error of law or judgment and implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 172–173, 404 N.E.2d 144, 148.

In this case, the trial court summarily found appellant guilty of direct contempt for violating R.C. 2705.02(A), the indirect contempt statute. The conduct alleged here falls within the scope of R.C. 2705.02(A) as disobedience of a "command of a court or an officer" and, if proved, is therefore indirect contempt. As the conduct alleged would constitute indirect contempt, appellant is entitled to the procedural safeguards established by R.C. 2705.03 *et seq.*

The record indicates that on April 5, 1996, the trial court afforded appellant an opportunity to be heard. However, the court did not file a written charge, and appellant was not given an opportunity to defend; rather, appellant was given an opportunity to be heard in mitigation of sentence only. Therefore, we find that the trial court did not follow the proper statutory procedures when it found appellant in contempt of court and sentenced him. See R.C. 2705.03 *et seq.*

The trial court's finding of contempt and subsequent sentencing of appellant without providing appellant with due process as required by R.C. 2705.03 *et seq.* constitute an abuse of discretion. See *State ex rel. Delco Moraine Div., Gen. Motors Corp.,* 48 Ohio St.3d at 44, 549 N.E.2d at 163–164. Appellant's second assignment of error is sustained. On remand, the trial court is instructed to

---

1. R.C. 2705.03 does not prohibit a court from incarcerating an individual accused of indirect contempt of court pending the proceedings outlined in that statute.

182

conduct the appropriate contempt proceedings in accordance with the provisions of R.C. 2705.03 *et seq.* before determining whether appellant is guilty of contempt of court. If, after following the required procedures, the court finds appellant in contempt of court, the court may sentence appellant according to the guidelines established in R.C. 2705.05.

In his first assignment of error, appellant contends that the trial court erred by incarcerating him for ten days without a journalized entry. Appellant argues that a trial court speaks only through properly journalized entries and cannot order a person incarcerated without an appropriate journalized order or entry.

The record reveals that the trial court found appellant in direct contempt and directed that he be immediately removed to the county jail to await sentencing. The last sentence of the entry of verdict filed on April 5, 1996 finds appellant in contempt. After a hearing was held, a sentencing entry was journalized. Given that the trial court believed that appellant was guilty of direct contempt of court, this procedure was proper. See R.C. 2705.01. Therefore, appellant's first assignment of error is without merit and is hereby overruled.

*Judgment reversed*
*and cause remanded.*

WILLIAM W. YOUNG, P.J., and KOEHLER, J., concur.