JOURNAL ENTRY and OPINION
The appellants-attorneys in these consolidated cases appeal from a trial court order requiring each of them to pay a fine of $250 to the Ohio Supreme Court Client Security Fund. In addition, appellant Althouse appeals from the trial court's denial of his motion to vacate and amended motion to vacate the order imposing the fine. The Cuyahoga County Prosecutor has been permitted to appear and file a brief as amicus curiae.
Appellant Belkin's notice of appeal was filed April 8, 1998 and was therefore timely filed within thirty days after the March 10, 1998 judgment. App.R. 4(A). Appellant Althouse's notice of appeal was timely filed within ten days thereafter. App.R. 4(B)(1).
On August 11, 1997, the trial court issued an order scheduling the underlying case for trial on March 9, 1998. Neither the parties nor their counsel appeared on the trial date. They assert they settled the underlying case on March 3, 1998, and appellant Althouse claims to have telephoned the judge's office and "left a voice mail message about the settlement and requesting that the trial not go forward." On March 10, 1998, the court entered this order:
 Case called for trial and no one appeared, despite the fact that counsel for both parties have been aware of the March 9, 1998 trial date since August 11, 1997. * * * This Court can only fairly assume that this case has been dismissed without prejudice per Civ.R. 41 (A). In this Court's Trial Order, issued to counsel on August 11, 1997 and journalized at v. 23117, pp. 624-25, this Court explicitly advised counsel for both parties that "failure of counsel to comply with this Trial Order may result in the imposition of sanctions. . . . If trial briefs are not filed on date due, and this Court is not notified of dismissal or settlement before 3:00 p.m. on the date that trial briefs are due, fines will be imposed on all counsel. . . If case is settled or dismissed after trial briefs are filed, counsel must notify this Court via telephone before the scheduled trial date or fines will be imposed". [Sic.] Despite the foregoing notice, counsel have neglected this Court's Order and have failed to advise this Court of settlement or dismissal. Counsel for both parties are hereby fined $250.00 each, said files [sic] to be paid to the Ohio Supreme Court Client Security Fund (614) 221-0562, 175 So. 3rd
Street, 2d Floor, Columbus, Ohio 43215. Said fines are to be paid within 30 days of receipt of this Order and counsel for both parties must provide this Court with proof of compliance forthwith. No portion of said fines may be passed on to the respective clients. In light of the foregoing, Plaintiff's February 18, 1998 Motion for Leave to Plead is denied as moot, and Defendant's February 18, 1998 Motion in Limine is denied as moot. FINAL.
On March 24, 1998, each of the appellants filed a motion to vacate this order. The court denied both motions on March 26. Appellant Althouse filed an amended motion to vacate on March 30, and the parties submitted an agreed entry to dismiss their claims with prejudice. On March 31, the court ordered that the parties' agreed judgment entry should supersede the portion of the March 10 order dismissing the case without prejudice. However, "[a]ll other aspects of this Courts [sic] 3/10/98 order (at v. 2191, p. 233) remain in effect." On April 7, 1998, the trial court denied appellant Althouse's amended motion to vacate, specifically noting that the "[f]ines previously imposed on counsel remain in effect."
Both Althouse and Belkin contend that the court found them in indirect, criminal contempt of court. They assert the order was erroneous because there was no evidence that they intended to defy the court's trial order. Moreover, they argue the court did not accord them with due process when it summarily punished them for an indirect contempt.
A trial court has the inherent power to punish conduct that disrupts the judicial process, which we ordinarily refer to as contempt of court.[1] Acts in contempt of court are usually characterized as civil or criminal (depending on the purpose of the sanction) or as direct or indirect (depending on the locus of the contemptuous behavior). State v. Moody (1996), 116 Ohio App.3d 176,179-80.
A civil contempt citation is one which is intended to remedy a violation of an order benefitting another party or to compel compliance. Because it is coercive in nature, a civil contemnor must normally be given the opportunity to purge him — or herself of the contempt by complying with the order; if he or she does so, the sanction is lifted. By contrast, a criminal contempt citation is intended to vindicate the power of the court and is usually characterized by an unconditional prison sentence or fine. In re Purola (1991), 73 Ohio App.3d 306, 311.
Since neither party appeared for trial, it is apparent that the trial court's order here was intended to vindicate its own power, not the rights of a party. Hence, it is properly classified as a criminal contempt citation.
A direct contempt of court consists of misbehavior "committed in the presence of or so near the court as to obstruct the due and orderly administration of justice." In re Lands (1946),146 Ohio St. 589, 595. A direct contempt may be punished summarily, on the basis of facts known directly by the court, at least if the nature or quality of the contemptuous conduct requires immediate action to preserve order and maintain the court's authority. In re Davis (1991), 77 Ohio App.3d 257, 263-64. Indirect contempt involves conduct outside the court's presence. A hearing, with notice and evidence, is necessary before punishment of an indirect contempt. See R.C. 2705.03 (contempt hearing procedures); State v. Moody (1996), 116 Ohio App.3d 176,180.
American courts have differed as to whether an attorney's failure to appear for trial should be characterized as a direct or an indirect contempt. "Some of this difference is due to the semantical problem of whether it constitutes an offense committed in the presence of the court, where the attorney is supposed to be, or outside the court, where he is." In re Davis, 77 Ohio App. 3
at 265.
Ohio courts have generally treated an attorney's absence as an indirect contempt. See, e.g., State v. Weiner (1974), 37 Ohio St.2d 11; In re Karasek (1997), 119 Ohio App.3d 615, 626; Statev. Moody (1996), 116 Ohio App.3d 176, 181; In re Davis (1991),77 Ohio App. 3d at 266; In re Purola (1991), 73 Ohio App.3d 306. Even if characterized an a direct contempt, however, the attorney's failure to appear generally is not such an immediate threat to the court's authority that summary punishment is appropriate. The inadequacy of the attorney's explanation for the absence is an essential element. In re Davis, 77 Ohio App.3d at 265-66. Hence, summary punishment is not appropriate.
For this reason, the trial court abused its discretion by summarily imposing a fine on counsel without giving them an opportunity to explain their absence on the trial date. The court cannot say that counsels' explanation for their absence — that they had notified the court by telephonic voice message that the case had been settled six days before the trial was scheduled — was "inadequate" as a matter of law. Therefore, the trial court's order is reversed to the extent it imposed a fine on appellants, and this matter is remanded for further proceedings.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellants shall bear their own costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, J. and
ANNE L. KILBANE, J. CONCUR
 ____________________________ PRESIDING JUDGE KENNETH A. ROCCO
[1] Although the trial court did not use the term "contempt" in its order, it was certainly exercising its contempt power when it fined counsel here. We note that Loc.R. 21 (H) (3) does not permit the imposition of a fine when counsel fails to appear for trial; that rule allows a fine only if counsel fails to appear for a pretrial or settlement conference. Cf. Loc.R. 21 (H) (2) (permitting the court to proceed ex parte where defendant fails to appear for trial.)