OPINION
Appellant, Deborah Ross, appeals an order of the Butler County Court of Common Pleas, Juvenile Division, prohibiting her from using or possessing alcohol, and an order finding her in contempt and remanding her to the Butler County Resolutions Facility ("Resolutions") pending transfer to an in-patient substance abuse treatment facility.
On May 19, 1997, Butler County Children Services Board ("BCCSB") filed complaints alleging that appellant's children, Tyler, Justin, Shannon, and Christopher Ross, Jr., were neglected and dependent children pursuant to R.C. 2151.03 and 2151.04. The complaints alleged that appellant had a severe substance abuse problem, especially with alcohol, and that she would drive while intoxicated with the children in her car. An ex parte
order was issued giving temporary custody of the children to Christopher Ross ("Ross"), their biological father and appellant's ex-husband. On July 22, 1997, the trial court filed an entry ordering appellant not to use or possess alcohol during the pendency of the case. Appellant was further ordered not to visit Ross' residence and to obtain substance abuse treatment.
On January 22, 1998, BCCSB filed a motion for contempt against appellant. This motion alleged that appellant had violated the court's earlier order by consuming alcohol, being convicted of driving under the influence in October, 1997, going to Ross' residence, and failing to obtain outpatient substance abuse treatment. On January 26, 1998, appellant entered Horizon Services, a day treatment program, but she failed to complete the program.
After a hearing on February 10, 1998, the trial court issued a finding of contempt against appellant, but stayed sentence in order to allow appellant further opportunity to seek substance abuse treatment.
By its February 10, 1998 order, the trial court placed appellant under the supervision of the Family Drug Court. On August 11, 1998, the trial court ordered appellant to enter Sojourner Treatment Program. On August 12, 1998, appellant began attending outpatient treatment sessions at Sojourner. In November, 1997, a second motion for contempt was filed against appellant. This motion alleged that, on October 30, 1998, Sojourner had terminated appellant's participation in the program.
On December 17, 1998, the trial court held a hearing on the second motion for contempt. The coordinator for Sojourner testified about appellant's failure to complete treatment and her eventual discharge from the program. After hearing arguments, the trial court determined that appellant had failed to follow prior court orders and found appellant in contempt of court. The trial court expressed sympathy for appellant's severe alcoholism, but the trial court was further concerned about the well-being of the children and the need to provide appellant with a means of reuniting with her children. The trial court then ordered that appellant
 be remanded to the Resolutions Program and be held there until she's admitted to an inpatient program. As soon as she can be admitted into an inpatient program, she'll be transferred into the inpatient program and she'll stay there and complete it, and once she's completed that program we'll come back before the Court to review. If she fails to abide by that program we'll deal with that at that time.
 This was the previously stayed sentence under the contempt finding from February 10, 1998. The second motion for contempt was then dismissed.
Appellant appeals, raising three assignments of error. We will address the assignments of error out of order.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED WHEN IT ORDERED IN A CIVIL PROCEEDING THAT AN ADULT MAY NOT POSSESS OR USE ALCOHOL.
 In her third assignment of error, appellant contends that the trial court did not have authority to include in its July 22, 1997 entry the order that appellant not use or possess alcohol during the pendency of the case. Appellant argues that this entry unconstitutionally limited her right to engage in a legal activity, namely, the consumption of alcohol.
R.C. Chapter 2151 governs the authority and procedures of the juvenile courts. Because the primary concern of this chapter is promoting the care of children, its provisions are to be construed liberally. In re Pryor (1993), 86 Ohio App.3d 327, 337. R.C.2151.359 provides:
 In any proceeding wherein a child has been adjudged delinquent, unruly, abused, neglected, or dependent, on the application of a party, or the court's own motion, the court may make an order restraining or otherwise controlling the conduct of any parent, guardian, or other custodian in the relationship of such individual to the child if the court finds that such an order is necessary to:
 (A) Control any conduct or relationship that will be detrimental or harmful to the child;
 (B) Where such conduct or relationship will tend to defeat the execution of the order of disposition made or to be made.
 This provision makes clear that, when necessary to protect children, the trial court may impose restrictions upon any harmful conduct by the children's parent. Such an order will be reversed only for an abuse of discretion. In re Pieper Children (1993), 85 Ohio App.3d 318, 330.
In the present case, the trial court found that appellant's alcohol abuse was harmful to the children. The trial court was presented evidence that appellant had driven while intoxicated with the children in the car, that there were bottles of hard liquor throughout appellant's house, and that the children were affected by appellant's alcohol abuse. The trial court determined that before reunification between appellant and her children could be accomplished, appellant's alcoholism had to be treated. The trial court did not abuse its discretion by forbidding appellant from using or possessing alcohol during the pendency of the case as a condition of possible reunification. Id.; In re Daum
(Mar. 31, 1995), Auglaize App. No. 2-94-28, unreported. Accordingly, appellant's third assignment of error is overruled.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED WHEN IT SENTENCED THE APPELLANT TO AN INDEFINITE SENTENCE ON A CRIMINAL CONTEMPT.
 In her first assignment of error, appellant contends that the trial court erred by imposing an indefinite sentence for criminal contempt. Appellant argues that the trial court could only sentence her to a limited period of incarceration. Appellant further asserts that the trial court failed to provide any conditions by which she could purge herself of contempt.
A trial court's finding of contempt and the subsequent punishment for that contempt will not be disturbed on appeal absent an abuse of discretion. State v. Moody (1996), 116 Ohio App.3d 176,181. An abuse of discretion will be found only where the trial court's decision is shown to be unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,218. Under an abuse of discretion standard, an appellate court must not substitute its judgment for that of the trial court so long as there exists some competent, credible evidence to support the findings of fact and conclusions of law made by the trial court. Myers v. Garson (1993), 66 Ohio St.3d 610, 616. When reviewing the imposition of contempt sanctions, it is incumbent upon the appellate court to review the entire record to determine the purpose of the contempt sanctions. State v. Sandlin
(1983), 11 Ohio App.3d 84.
When reviewing a trial court's imposition of a sanction for contempt, the contempt must be reviewed on two levels. First, the offender's conduct must be examined to determine if it constituted direct or indirect contempt. State v. Kilbane (1980), 61 Ohio St.2d 201,203. Direct contempt involves "misbehavior or disobedience of a court order that occurs in the presence of the court." Moody, 116 Ohio App.3d at 180. Indirect contempt is "an act or conduct that takes presence outside of the court." Id.
Second, it must be determined whether the trial court's disposition of the contempt was under the trial court's civil contempt or criminal contempt powers. Kilbane,61 Ohio St.2d at 203. The distinction between civil and criminal contempt "turns on the character and purpose of the sanction imposed." Clevelandv. Ramsey (1988), 56 Ohio App.3d 108, 110, certiorari denied (1974), 415 U.S. 994, 94 S.Ct. 1596. Criminal contempt sanctions are those "designed to vindicate the authority of the court and punish past acts of disobedience." Moody, 116 Ohio St.3d at 180. In contrast, civil contempt sanctions are "designed to benefit the complainant and to coerce, imposing punishment until an individual purges the contempt by complying with a court order." Id. Civil contempt sanctions may be utilized to coerce the offender into compliance with the court's orders, to compensate the complainant for losses sustained, or both. Cincinnati v. Cincinnati Dist.Council 51 (1973), 35 Ohio St.2d 197, 206.
The authority of the trial court to impose sanctions for criminal contempt is limited by both case law and statute. A sentence for criminal contempt "must be imposed primarily to vindicate the authority of the court and must be determinate."Kilbane, 61 Ohio St.2d 201, paragraph two of the syllabus. R.C.2705.05(A) provides:
 In all contempt proceedings, the court shall conduct a hearing. At the hearing, the court shall investigate the charges and hear any answer or testimony that the accused makes or offers and shall determine whether the accused is guilty of the contempt charge. If the accused is found guilty, the court may impose any of the following penalties:
 (1) For a first offense, a fine of not more than two hundred fifty dollars, a definite term of imprisonment of not more than thirty days in jail, or both.
In the present case, the trial court found appellant had committed indirect contempt and remanded appellant to the custody of the Butler County Resolutions Program until appellant could be transferred to an inpatient treatment program. Thus, appellant was remanded for an indefinite term, without being provided any means by which to purge herself of the contempt. It is clear that this indefinite term could easily exceed thirty days, if a bed is not available at an inpatient treatment facility. For this reason, if the trial court's decision could be deemed a criminal sanction, it would exceed the authority given to the trial court by R.C. 2705.05(A) and be void.
We find, though, that the trial court imposed a sanction for civil contempt. At the December 17, 1998 hearing, the trial court specifically stated that the sanction being imposed was not for criminal contempt. The trial court stated on the record that it had never considered criminal punishment, and that it would not consider such punishment at the hearing. The trial court then stressed that appellant was a severe alcoholic in need of immediate treatment. It is clear that the trial court's imposition of contempt sanctions was not done to vindicate the authority of the trial court. Instead, the trial court was seeking to coerce appellant into completing the necessary substance abuse programs through severe civil contempt sanctions.
Although the trial court's motives for this action were laudable, and this court does sympathize with the trial court's dilemma — whether to risk appellant's continued substance abuse or take extreme measures to coerce appellant into treatment — we must find that the trial court abused its discretion by indefinitely remanding appellant to Resolutions. It is true that a trial court may, pursuant to its inherent powers, coerce compliance after a contemptuous refusal to comply with orders, without regard to the statutory penalties, McDaniel v. McDaniel (1991), 74 Ohio App.3d 577,579, but we cannot find that this rule of law would include the power to indefinitely remand appellant to the custody of a treatment facility affiliated with the county, without affording appellant an opportunity to purge herself of contempt. Ramsey,56 Ohio App. 3d at 110.
We are concerned that the trial court did not provide appellant any means by which to purge herself of this contempt. The trial court's order remanded appellant to Resolutions until an appropriate inpatient facility finds space for appellant. This means that appellant's ability to purge herself of the contempt is dependent upon the actions of a third-party, not herself. This would defeat the purpose of civil contempt, which is to coerce the offender into remedying the contemptuous conduct, not imprison the offender in a county affiliated facility.
Therefore, we find the trial court erred in imposing the contested sanction upon appellant, and we must remand this issue to the trial court to reconsider what sanction should be imposed. Accordingly, appellant's first assignment of error is sustained.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED IN AMENDING THE CASE PLAN, WITHOUT NOTICE OR HEARING, TO REQUIRE INPATIENT TREATMENT AS THE SENTENCE ON CONTEMPT.
 In her second assignment of error, appellant contends that the contempt sanction imposed by the trial court changed the requirements of the prior approved case plan for reunifying appellant with her children. In light of our disposition of appellant's first assignment of error, we find that this assignment of error is moot.
Judgment affirmed in part, reversed in part, and remanded for proceedings not inconsistent with this opinion.
POWELL, P.J., and WALSH, J., concur.