OPINION
{¶ 1} This is an appeal of a judgment of the Ashtabula County Court, Eastern Area, finding that appellant, Linda Maddox, was guilty of direct contempt of court, and sentencing her to twenty-four hours in jail.
 {¶ 2} On the morning of May 2, 2001, Charles Hitzel ("Hitzel"), Chief of Police of the Village of North Kingsville, stopped appellant for driving thirty-three miles-per-hour in a twenty mile-per-hour school zone. Hitzel issued appellant a citation, alleging a violation of North Kingsville Ordinance 434.03.
 {¶ 3} The matter came for trial on June 12, 2001. Appellant appeared at the trial unrepresented and Daniel Madden ("Madden"), Village Solicitor, appeared on behalf of appellee, North Kingsville. Appellee offered the testimony of Hitzel, and appellant testified on her own behalf. At the close of the case, the court found appellant guilty of speeding and sentenced her to a fine of ninety dollars plus costs.
 {¶ 4} During the course of the trial, the court warned appellant repeatedly that she was out of order. Appellant interrupted Hitzel while he was testifying, and again when the court was questioning him prior to sentencing, accusing him of lying. Appellant also interrupted Madden as he was presenting his closing argument. After the court sentenced appellant, she continued arguing with the court. In its judgment entry, the court stated that appellant was talking "loudly and rudely." (Emphasis sic.) The court again warned appellant that she was out of order and warned her of the court's contempt powers.
 {¶ 5} Shortly after sentencing appellant, the trial judge turned off the recorder that had been recording the proceedings. The judge stated in his judgment entry that, after turning off the recorder, appellant continued to criticize the court. Appellant stated, in plain terms, that the court was "dishonest" in the way it handled the case.
 {¶ 6} The court found appellant to be in direct contempt of court and sentenced her to serve twenty-four hours in the Ashtabula County Jail. Appellant was immediately taken into custody and confined in the Ashtabula County Jail.
 {¶ 7} Appellant filed an appeal raising the following assignments of error:
 {¶ 8} "[1.] The trial court erred by its finding that Defendant-Appellant was in direct contempt of court and by its punitive summary sentence of twenty-four hours in jail for the primary reason that no obstruction of justice had occurred.
 {¶ 9} "[2.] The trial court erred by depriving Defendant-Appellant of her liberty without due process of law in violation of the Fourteenth Amendment by characterizing her right to freedom of speech and expression of opinion post trial as contempt in violation of the First Amendment, and by turning off the court recorder, leading Defendant-Appellant to believe that trial was over, that trial procedural protocol was no longer demanded and that no danger of contempt of court was imminent.
 {¶ 10} "[3.] The trial court erred by failing to grant Defendant-Appellant the reasonable doubt to which the testimony of both parties entitled her and the reasonable doubt that her conduct constituted contempt of court, as she merely sought to obtain a fair trial and establish truth on the record.
 {¶ 11} "[4.] The trial court erred to the prejudice of Defendant-Appellant in its overruling of Defendant-Appellant's objection to repetitious and irrelevant testimony of plaintiff.
 {¶ 12} "[5.] The trial court erred in its failure to advise Defendant-Appellant of her rights of appeal."
 {¶ 13} In her first assignment of error, appellant argues that the trial court erred by finding her in direct contempt. Appellant argues that the trial court should not have found her in contempt because her actions did not threaten or cause an obstruction of justice, because the finding that she was in contempt occurred after she had been sentenced, and because her actions were merely an attempt to make the judge understand her position, to establish truth on the record, and to obtain a fair trial.
 {¶ 14} Contempt of court has been defined as "conduct which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions." Denovchek v. Bd. of Trumbull Cty. Commrs. (1988),36 Ohio St.3d 14, *15. A contempt proceeding is classified as civil if the purpose of the sanctions is to coerce the contemnor to comply with an order of the court. Id at *16. If the purpose of the sanctions is to punish the contemnor for past acts, the contempt proceeding is criminal.Id. Furthermore, within criminal contempt, the contempt may be either direct or indirect. State v. Moody (1996), 116 Ohio App.3d 176, 180. Direct contempt involves behavior occurring in the presence of the court, indirect concerns behavior occurring outside the presence of the court. Id.
 {¶ 15} Because the purpose of contempt proceedings is to uphold the dignity and authority of the courts, great deference is given to the judgment of the trial judge. See Denovchek, supra. The determination of what constitutes contempt of court is within the sound discretion of the trial court, and will not be reversed absent an abuse of the court's discretion. Quirke v. Quirke (Sept. 20, 1996), 11th Dist. No. 92-A-1755, 1996 Ohio App. LEXIS 4110 at *8. Abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 16} Appellant argues that she should not have been found in contempt of court because she believed that the court proceedings were over and that she was no longer required to comport with the standards of in-court behavior. R.C. 2705.01, which grants the trial court the power to summarily punish contempt, provides:
 {¶ 17} "[a] court, or judge at chambers, may summarily punish a person guilty of misbehavior in the presence of or so near the court or judge as to obstruct the administration of justice."
 {¶ 18} In the case at bar, although some of appellant's misbehavior occurred after the court sentenced her, she misbehaved throughout the entire proceeding. Even the behavior that occurred after sentence was pronounced was done in the presence of the court, as provided in R.C 2705.01. Thus, even though appellant may have believed that all constraints on her behavior were removed, she was still in the presence of the court, and should have behaved accordingly. The trial court did not abuse its discretion by finding that appellant's conduct occurred in the presence of the court.
 {¶ 19} Appellant also argues that her behavior did not obstruct justice, and thus did not support a finding of direct contempt of court. We acknowledge that "the court must be careful to guard against confusing actions or words which are contemptuous to a judge's personal feelings or sensibilities and actions or words which constitute punishable, criminal contempt of a summary nature because of posing an actual or imminent threat to the administration of justice." State v. Conliff (1978),61 Ohio App.2d 185, 189.
 {¶ 20} This court, however, has held that "the act of attacking a judge's `ability to neutrally and impartially manage' can be contemptuous behavior when it is disruptive to a court proceeding and the use of a summary proceeding is needed to maintain order." Quirke, supra, at *9, quoting Fed. Land Bank Assn. v. Walton (1995) 99 Ohio App.3d 729, 734. Appellant's misbehavior began during her trial, and continued throughout the proceedings, culminating with appellant's charge that the court was being "dishonest" in the way it handled the case. This is clearly an accusation that the court cannot "fairly and impartially manage" the case. Furthermore, appellant was disruptive during the entire trial, "talking loudly and rudely, in open court," and "making a mockery of the court's proceedings and findings." The trial court did not abuse its discretion in determining that this conduct was contemptuous and that it was disruptive to the court proceeding. Appellant's first assignment of error is without merit.
 {¶ 21} In her second assignment of error, appellant argues that the trial court deprived her of due process of law by engaging her in conversation after the recorder had been turned off, essentially goading her into committing contempt of court.
 {¶ 22} First, we note that, under Ohio law, when a person commits direct contempt of court, the court is not required to afford her the usual rights of due process. Quirke, supra, at *6. Furthermore, appellant has failed to show that the trial court attempted to entrap her into committing contempt of court. Because appellant has presented no statement of the evidence or the proceedings that satisfies App.R. 9(C) or (D), this court has before it only the transcript of appellant's speeding trial, which ends when the recorder is shut off, and the trial judge's judgment entry.
 {¶ 23} The following exchange occurs at the end of the trial transcript:
 {¶ 24} "THE COURT: I am going to turn the tape off.
 {¶ 25} "MS. MADDOX: May I say something please in my own defense. [sic]
 {¶ 26} "(Tape Ended)"
 {¶ 27} The court's judgment entry finds that, after the tape was turned off, "[d]efendant continued to vociferously criticize the court and demean the proceedings of the court. *** Then the defendant stated to the court in plain terms that the court is dishonest in its handling of this case." Thus, the record shows that it was appellant that initiated the discussion that ultimately led to her being found to be in contempt of court after the tape was turned off. This is hardly a case of entrapment.
 {¶ 28} Appellant's second assignment of error is without merit.
 {¶ 29} In her third assignment of error, appellant essentially argues that the evidence was insufficient to prove, beyond a reasonable doubt, that she was guilty of direct criminal contempt of court.
 {¶ 30} "Courts, in their sound discretion, have the power to determine the kind and character of conduct which constitutes direct contempt of court." State v. Kilbane (1980), 61 Ohio St.2d 201, paragraph one of the syllabus. Criminal contempt must be proved beyond a reasonable doubt. In re Cox (Dec. 23, 1999), 11th Dist. Nos. 98-G-2183 and 98-G-2184, 1999 Ohio App. LEXIS 6266, at *12, citing Brown v. Executive200, Inc. (1980), 64 Ohio St.2d 250, syllabus.
 {¶ 31} In a case of direct contempt, such as this, however, the trial court is permitted to summarily find contempt, and dispense with proof of the contumacious act. R.C. 2705.01; see, also, In re Caron
(2000), 110 Ohio Misc.2d 58, 96, quoting In re Neff (1969),20 Ohio App.2d 213. This proof is not required when the trial judge has personal knowledge of the contumacious acts because the contemnor "has already by his own voluntary acts placed the evidence directly before the court ***." Id., quoting Neff, at paragraph four of the syllabus. Thus, the question for the appeals court is whether the trial court abused its discretion in finding that appellant's actions constituted contempt of court.
 {¶ 32} It is clear that appellant's misbehavior, including her frequent loud and rude outbursts throughout her trial obstructed the administration of justice. The trial court did not abuse its discretion by determining that appellant's actions constituted contempt of court. Appellant's third assignment of error is without merit.
 {¶ 33} In appellant's fourth assignment of error, she argues that the trial court erred by overruling her objections to appellee's repetitious and irrelevant testimony.
 {¶ 34} Evid.R. 103(A)(1) requires that an objection on which error is predicated must be timely and must state the specific ground for the objection if the ground is not evident from the context. A review of the record reveals that appellant did not object to any testimony offered by appellee. Because appellant did not object, the court can not have erred by overruling her objections. Appellant's fourth assignment of error is without merit.
 {¶ 35} In her fifth assignment of error, appellant argues that the trial court erred by failing to inform her of her right to appeal her conviction for direct contempt of court. Appellant, however, filed a timely notice of appeal, perfecting her appeal. Because the court's alleged failure to inform her of her right to appeal did not prejudice her, appellant's fifth assignment of error is moot.
 {¶ 36} For the foregoing reasons, the judgment of the Ashtabula County Court, Eastern Area is affirmed.
WILLIAM M. O'NEILL, P.J., and DIANE V. GRENDELL, J., concur.