OPINION
{¶ 1} This is an accelerated calendar case, submitted to this court on the record and the briefs of the parties. Appellant, Anthony J. Riester, appeals the judgment entered by the Willoughby Municipal Court. Riester was convicted of contempt.
 {¶ 2} On December 3, 2004, Riester was due to report to the Lake County Jail to serve a jail sentence on an unrelated charge. That same day, he was stopped by an officer from the Willoughby Police Department. As a result of the stop, Riester was charged with driving with a cracked windshield and disorderly conduct. Also, Riester was charged with driving under suspension, and his vehicle was impounded. The driving under suspension charge was later dismissed. Riester did not report to jail.
 {¶ 3} Riester was due for his initial appearance on the disorderly conduct and cracked windshield charges on December 13, 2004, but he did not appear at that time. He also failed to appear for a rescheduled initial appearance on December 24, 2004.
 {¶ 4} In addition to the charges received in relation to the traffic stop, Riester was charged with contempt for failing to report to jail and failing to appear at his initial appearance, both in violation of R.C. 2705.02. He was charged in case No. 04 CRB 05022 for failing to report to jail. He was charged in case No. 04 CRB 05149 for failing to appear at his initial appearance. The trial court merged the charges for the purposes of a bench trial. A bench trial was conducted on January 13, 2005. Riester's attorney gave an opening statement to the court, wherein counsel admitted Riester did not show up for jail or attend the initial appearance. Immediately upon hearing counsel's admissions, the trial court found Riester guilty of the contempt charges.
 {¶ 5} Following the trial court's statements that Riester was guilty on the contempt charges, the state moved to dismiss the disorderly conduct and cracked windshield charges. The trial court dismissed these charges. Thereafter, the trial court heard unsworn statements from Riester, the officer who stopped Riester's vehicle on December 3, 2004, and the tow-truck driver who towed the vehicle. None of these individuals were sworn in or subjected to cross-examination. They merely related certain events to the court.
 {¶ 6} The trial court sentenced Riester to a total of twenty days in jail on the contempt charges.
 {¶ 7} Riester filed a notice of appeal of the trial court's judgment entry in relation to the charge in case No. 04 CRB 05022 on April 7, 2005. This court granted Riester's motion for leave to file a delayed appeal. In addition, Riester filed a notice of appeal of the trial court's judgment entry relating to in case No. 04 CRB 05149 on February 17, 2005. Riester's other appeal is also decided today.[1]
 {¶ 8} Riester raises two assignments of error. His first assignment of error is:
 {¶ 9} "The trial court abused its discretion when it denied appellant's right to due process of law under theFourteenth Amendment of the U.S. Constitution and Sections 10 and 16, Article I of the Ohio Constitution after it found appellant guilty of contempt without allowing him to present a defense."
 {¶ 10} Riester was charged with contempt in violation of R.C.2705.02, which provides, in part:
 {¶ 11} "A person guilty of any of the following acts may be punished as for a contempt:
 {¶ 12} "(A) Disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or officer[.]"
 {¶ 13} This matter concerns a criminal, rather that civil, contempt, in that the court sought to punish Riester.[2]
There are two types of criminal contempt: direct contempt, which occurs in the presence of the court, and indirect contempt, which occurs away from the court's presence.[3] Since the contempt charges in this matter concern Riester's failure to appear, they are classified as indirect contempt.[4]
 {¶ 14} R.C. 2705.03 affords several procedural safeguards for persons accused of contempt and provides:
 {¶ 15} "In cases under section 2705.02 of the Revised Code, a charge in writing shall be filed with the clerk of the court, an entry thereof made upon the journal, and an opportunity given to the accused to be heard, by himself or by counsel. This section does not prevent the court from issuing process to bring the accused to court, or from holding him in custody, pending such proceedings."
 {¶ 16} In addition to the provisions set forth in R.C.2705.03, the trial court is required to "hear any answer or testimony" offered by the accused.[5] The trial court did not provide Riester with an opportunity to present evidence. Thus, the trial court failed to comply with R.C. 2705.05.
 {¶ 17} In this matter, the trial court did permit Riester to address the court. However, this occurred subsequent to the trial court finding Riester guilty and, presumably, was offered for purposes of mitigation relating to the sentence. Such practice violates the due process rights of the accused.[6] The accused must be afforded an opportunity to defend against the contempt charge.[7]
 {¶ 18} The state argues that the trial court was correct in finding Riester guilty of contempt. We disagree. The state asserts defense counsel's admission that Riester did not report for jail is binding on Riester. The state cites Samuels v. U.S.Holding Co. for the proposition that a client can be bound by an admission of his counsel.[8] Samuels is a civil case, and appellee has not cited any criminal cases with similar holdings. We do not accept the state's argument that a conviction can be based solely on an attorney's admission in an opening statement, without the state presenting any evidence. As appellant notes, opening and closing statements are not evidence.[9] Without a formal stipulation, an admission from counsel during opening statements does not relieve the state from its burden of presenting evidence on that element of the charged crime.[10]
 {¶ 19} We note that it is not uncommon for defense attorneys to concede that the evidence will be against their client on a certain aspect of the case.[11] In the case sub judice, counsel's admissions that Riester did not report for jail could be considered sound trial strategy.[12] It appears that counsel was conceding that Riester did not report for jail and focusing his argument to demonstrate why Riester did not show up. Such an argument is analogous to a defense attorney in a rape case admitting that sexual conduct occurred, but arguing that it was consensual.[13]
 {¶ 20} Finally, even if it is accepted that Riester did not report for jail, he still had the right to present evidence to explain why he was unable to comply with the court's order to appear. "Impossibility of compliance is an affirmative defense for which the alleged contemnor has the burden of proof."[14] Riester was not given the opportunity to present evidence as to an affirmative defense.
 {¶ 21} The trial court's actions violated Riester's due process rights.
 {¶ 22} Riester's first assignment of error has merit.
 {¶ 23} Riester's second assignment of error is:
 {¶ 24} "The trial court erred to the prejudice of the defendant-appellant when it returned a verdict of guilty against the manifest weight of the evidence."
 {¶ 25} We have found merit in Riester's first assignment of error. Riester's conviction must be vacated, and this matter is to be remanded for a new trial. Thus, Riester's manifest weight of the evidence argument is moot.[15] Moreover, there was no "evidence" presented to the trial court. The "evidence" the parties ask us to weigh consists of various testimonials from unsworn witnesses, who were not subjected to cross-examination. We decline to engage in a weighing of this material.
 {¶ 26} Riester's second assignment of error is moot.
 {¶ 27} The judgment of the trial court is reversed. This matter is remanded for further proceedings consistent with this opinion.
Ford, P.J., concurs.
Grendell, J., concurs in judgment only.
[1] See State v. Riester, 11th Dist. No. 2005-L-036.
[2] (Citations omitted.) State v. Moody (1996),116 Ohio App.3d 176, 180.
[3] Id.
[4] (Citations omitted.) Id. at 181.
[5] R.C. 2705.05.
[6] State v. Moody, 116 Ohio App.3d at 181.
[7] Id.
[8] Samuels v. U.S. Holding Co. (1945), 76 Ohio App. 163.
[9] State v. Six (May 20, 1999), 4th Dist. No. 98CA9, 1999 Ohio App. LEXIS 2438, at *8, citing State v. Burgins (1988),44 Ohio App.3d 158.
[10] (Citations omitted.) State v. Blackburn, 11th Dist. No. 2001-T-0052, 2003-Ohio-605, at ¶ 53.
[11] State v. Six, supra, at *9. See, also, State v. Clark,
11th Dist. Nos. 2001-P-0031, 2001-P-0033, 2001-P-0034, 2001-P-0057, and 2001-P-0058, 2004-Ohio-334, at ¶ 47-48.
[12] Id.
[13] See, e.g., State v. Johnson (Apr. 26, 1996), 2d Dist. No. 15253, 1996 Ohio App. LEXIS 1679, at *8.
[14] Olmsted Twp. v. Riolo (1988), 49 Ohio App.3d 114, 117, citing Smedley v. State (1916), 95 Ohio St. 141, 143.
[15] State v. Freeman (2000), 138 Ohio App.3d 408, 424.