[Cite as *Cleveland v. Robinson*, 2020-Ohio-1030.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| CITY OF CLEVELAND, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 109273 |
| v. | : | |
| JOVAN ROBINSON, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** March 19, 2020

Criminal Appeal from the Cleveland Municipal Court
Case No. 19CRB019303

***Appearances:***

Barbara A. Langhenry, City of Cleveland Director of Law, and Karyn J. Lynn, Assistant Prosecutor, *for appellee.*

Mark A. Stanton, Cuyahoga County Public Defender, and Cullen Sweeney, Assistant Public Defender, *for appellant.*

LARRY A. JONES, SR., J.:

{¶ 1}   Defendant-appellant, Jovan Robinson ("Robinson"), appeals from the trial court's judgment finding him guilty of contempt of court. Plaintiff-appellee, the city of Cleveland ("the City"), has filed a brief conceding error. For the reasons that follow, we reverse and remand.

**Background**

{¶ 2} In August 2019, Robinson was charged with domestic violence and unlawful restraint and a warrant was issued for his arrest. That case was captioned *Cleveland v. Robinson*, Cleveland M.C. No. 19CRB014665. He was arrested and arraigned on the charges in early October 2019. Robinson was detained on bond, but eventually the trial court modified the bond to a personal bond with GPS monitoring and admitted him to the court-supervised release ("CSR") program.

{¶ 3} The day following his release from detainment, Robinson was arrested again for an alleged violation of the CSR program. The trial court released him again on a personal bond with GPS monitoring, and ordered that he have no contact with the alleged victim.

{¶ 4} In November 2019, the city filed a motion to show cause in Case No. 19CRB014665. In the motion, the city alleged that Robinson violated the trial court's no-contact order by calling the victim.

**This Case: Criminal Complaint for Contempt**

{¶ 5} Because of the show-cause motion, a criminal complaint was filed against Robinson alleging that he committed contempt in violation of R.C. 2705.02 by contacting the alleged victim in violation of the court's no-contact order and the conditions of the CSR program. That case, *Cleveland v. Robinson*, Cleveland M.C. No. 19CRB019303, is the case now at issue in this appeal.

{¶ 6} Both cases were scheduled to be heard on November 14, 2019. The alleged victim failed to appear, the assistant prosecuting attorney indicated she had

been unable to get in contact with the alleged victim, and the underlying domestic violence and unlawful restraint charges were dismissed.

{¶ 7} The trial court considered the city's motion to show cause. No evidentiary hearing was held, however. Rather, the court considered the city's oral argument; defense counsel stated that he did not "have any information about the contempt that [he] could present at this time" and that Robinson denied the allegations. At the conclusion of the hearing, the court found Robinson guilty of contempt.

{¶ 8} Robinson filed this appeal, and in his sole assignment of error contends that "the trial court erred and violated Jovan Robinson's state and federal due process rights when it convicted him of a crime without any evidence." The City has filed a brief conceding that the trial court "treated violations of its no contact order based on jail calls as direct criminal contempt," but because the "contempt did not happen in front of the judge, the requirements of indirect criminal contempt apply."

**Law and Analysis**

{¶ 9} Contempt has been defined as the disregard for judicial authority. *State v. Flinn*, 7 Ohio App.3d 294, 295, 455 N.E.2d 691 (9th Dist.1982). Contempt may be either direct or indirect. *In re Purola*, 73 Ohio App.3d 306, 310, 596 N.E.2d 1140 (3d Dist.1991). Direct contempt occurs in the presence of the court and disrupts the orderly administration of justice. *Id.* The alleged violation here did not

occur in the presence of the court and therefore direct contempt is not applicable in this case.

{¶ 10} On the other hand, indirect contempt is "committed outside the presence of the court but * * * also tends to obstruct the due and orderly administration of justice." *In re Lands*, 146 Ohio St. 589, 595, 67 N.E.2d 433 (1946). Because the court generally has no personal knowledge of the alleged contemptuous behavior, it must afford the accused procedural safeguards such as a written charge, an adversary hearing, and the opportunity for legal representation. *See* R.C. 2705.03; *State ex rel. Seventh Urban, Inc. v. McFaul*, 5 Ohio St.3d 120, 122, 449 N.E.2d 445 (1983); *State v. Moody*, 116 Ohio App.3d 176, 180, 687 N.E.2d 320 (12th Dist.1996).

{¶ 11} "Contempt is further classified as civil or criminal depending on the character and purpose of the contempt sanctions." *Purola* at 311. Criminal and civil contempt serve different ends within the judicial system, and are governed by different rules. Civil contempt is designed to benefit the complainant and is remedial in nature. *Id.* Thus, an individual charged with civil contempt must be permitted to appear before the court and purge himself or herself of the contempt by demonstrating compliance with the court's order he or she is charged with violating. *Id.* at 312.

{¶ 12} Criminal contempt, on the other hand, is usually characterized by unconditional fines or prison sentences. *Purola*, 73 Ohio App.3d 306 at 311, 596 N.E.2d 1140. In the case of criminal contempt, there is no requirement that the

person charged be permitted to purge himself or herself of the contempt. *See generally Brown v. Executive 200, Inc.*, 64 Ohio St.2d 250, 416 N.E.2d 610 (1980). The absence of an opportunity to purge oneself when charged with criminal contempt is appropriate because the purpose of criminal contempt is punitive. *Id.* at 254. "The standard of proof required in a criminal contempt proceeding is proof of guilt beyond a reasonable doubt." *Id.* at syllabus. "The most important consequences arising from this classification of contempts is that many of the significant constitutional safeguards required in criminal trials are also required in criminal contempt proceedings." *State v. Kilbane*, 61 Ohio St.2d 201, 205, 400 N.E.2d 386 (1980).

{¶ 13} The contempt allegation against Robinson was that he made calls from jail to the victim in violation of the court's no-contact order. That alleged violation would amount to indirect contempt. Because this was in the nature of an indirect contempt, Robinson was entitled to, but not afforded, the procedural protections set forth in R.C. 2705.03. One of those protections is "an adversary hearing," which did not take place here. *State v. Dean*, 2d Dist. Clark Nos. 2006CA61 and 2006CA63, 2007-Ohio-1031, ¶ 18.

{¶ 14} In light of the above, the trial court's judgment finding Robinson in contempt is reversed and the case is remanded for further proceedings consistent with this opinion.

{¶ 15} Reversed and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

SEAN C. GALLAGHER, P.J., and
EILEEN A. GALLAGHER, J., CONCUR