**The STATE of Ohio, Appellee,**

**v.**

**BELCASTRO; Josselson, Appellant.**

[Cite as *State v. Belcastro* (2000), 139 Ohio App.3d 498.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 77039.

Decided Oct. 23, 2000.

William D. Mason, Cuyahoga County Prosecuting Attorney, and *Charles E. Hannan, Jr.,* Assistant Prosecuting Attorney, for appellee.

*Robert A. Dixon* and *Larry W. Zukerman*, for appellant.

———————

JOHN T. PATTON, Presiding Judge.

The court found contemnor-attorney Stanley Josselson in both direct and indirect contempt of court after he failed to appear in a timely manner to hear a jury return a verdict in a criminal case in which he represented the accused. Contemnor complains that (1) the court erred by characterizing the same conduct as two different kinds of contempt, (2) the court lacked sufficient grounds to find that he acted intentionally, and (3) the court failed to afford him a chance to respond to the contempt charges.

At the close of jury instructions in the underlying criminal case, the court excused the jury at 5:33 p.m., with the sole instruction that it elect a foreperson. The court left to the jury the decision whether it should begin deliberations that night or adjourn for the evening. The following day, the jury deliberated until 11:00 a.m., at which time it informed the court that it had reached a verdict. The court contacted contemnor's office at 11:15 a.m., but a secretary informed the court's bailiff that contemnor would be "unavailable" until 1:30 p.m. The court overheard this conversation and asked that one of contemnor's associates who sat in on the trial appear to take the verdict. The court advised his bailiff to inform contemnor's secretary that if contemnor did not appear promptly he might be held in contempt.

The court decided to break for lunch at 12:10 p.m.—at that time, contemnor had still not appeared. Contemnor's associate appeared at 12:15 p.m. and said that he had no idea that he might be needed to cover for contemnor. When the court reconvened at 1:30 p.m., contemnor was present. The court heard the verdict and discharged the jury. After agreeing to defer sentencing pending receipt of a presentence report, the court proceeded to ask contemnor why he had not been available when the jury first announced its verdict. The court reminded contemnor that it had instructed counsel for both sides "to be here within ten minutes of the verdict." Contemnor told the court that he had a long-standing appointment and had arranged for his associate to back him up. Contemnor said that he arrived in court at 12:30 p.m., apparently just after the judge left the courtroom. Contemnor told the court that his long-standing appointment was a luncheon engagement and apologized for the inconvenience he caused to the jury and the court.

In a contempt entry, the court found contemnor in direct contempt because it considered contemnor's conduct "to be a contemptuous act personally directed at the Court itself, which all seriously and inexcusably inconvenienced the jury." The court also found contemnor guilty beyond a reasonable doubt of indirect

contempt of court "for disobedience of a Court order and for his misbehavior as an officer of the Court in the performance of his official duties." The court concluded by characterizing contemnor's conduct as "egregious and contemptuous" and found his behavior "so obnoxious" that no other option but contempt would deter his future conduct. The court fined contemnor $500 and ordered him to be held in county jail for twenty hours, that period of time "representing the approximate time [contemnor] wasted of the twelve members of the jury." The court later released contemnor from jail upon his representation that he would perform twenty-four hours of community service for an area church.

Contemnor's first argument is that the court abused its discretion by finding his failure to be available to hear the jury return its verdict as both direct and indirect contempt. He maintains that the conduct amounted to indirect contempt and that the court failed to afford him notice of the contempt charge and a hearing.

■ R.C. 2705.01 allows a court or judge to summarily punish a person guilty of misbehavior "in the presence of or so near the court or judge as to obstruct the administration of justice." "Direct contempt usually involves some misbehavior which takes place in the actual courtroom," *In re Purola* (1991), 73 Ohio App.3d 306, 310, 596 N.E.2d 1140, 1142, and for that reason may be summarily punished because the facts are directly known by the court. *In re Davis* (1991), 77 Ohio App.3d 257, 263–264, 602 N.E.2d 270, 274–275; *Orlando v. Haggins* (July 15, 1999), Cuyahoga App. Nos. 74299 and 74318, unreported, 1999 WL 500153.

■ Indirect contempt of court "is one committed outside the presence of the court but which also tends to obstruct the due and orderly administration of justice." *In re Lands* (1946) 146 Ohio St. 589, 595, 33 O.O. 80, 83, 67 N.E.2d 433, 437. Because the court generally has no personal knowledge of the alleged contemptuous behavior, it must afford the accused procedural safeguards such as a written charge, an adversary hearing, and the opportunity for legal representation. See R.C. 2705.03; *State ex rel. Seventh Urban, Inc. v. McFaul* (1983), 5 Ohio St.3d 120, 122, 5 OBR 255, 257, 449 N.E.2d 445, 447–448; *State v. Moody* (1996), 116 Ohio App.3d 176, 180, 687 N.E.2d 320, 322–323.

This court has consistently held that the arriving late to a hearing or not appearing at all constitutes an indirect contempt of the court. See, e.g., *Cleveland v. Ramsey* (1988), 56 Ohio App.3d 108, 564 N.E.2d 1089; *E. Cleveland v. Reed* (1977), 54 Ohio App.2d 147, 8 O.O.3d 277, 376 N.E.2d 973; *Orlando v. Haggins, supra.*

In *State v. Moody*, the Twelfth District Court of Appeals considered a very similar factual situation. Moody, the accused in a criminal trial, absented himself during jury deliberations to take his brother to a medical appointment. During

Moody's absence, the jury submitted two questions to the court. The trial court waited about one hour before proceeding to answer the questions in Moody's absence. The trial court then found Moody in direct contempt and summarily ordered him incarcerated. The court of appeals reversed the contempt finding, holding "[t]hat the failure to appear at or arriving late to a hearing before the court occurs in the constructive presence of the court rather than the immediate presence of the court and is treated as indirect contempt." *State v. Moody*, 116 Ohio App.3d at 181, 687 N.E.2d at 323.

Likewise, in *Weiland v. Indus. Comm.* (1956), 166 Ohio St. 62, 1 O.O.2d 198, 139 N.E.2d 36, the Ohio Supreme Court considered a contempt citation against an attorney who arrived forty minutes late for trial because of automobile problems. While acknowledging that a portion of the offense could be considered direct contempt and in the presence of the court (entering court late), the court found that "part of the alleged misconduct was committed on the trip * * * and hence was not in or near the court itself. This was in the nature of an indirect contempt, and the appellant was entitled to an opportunity to proffer evidence to show any extenuating or even exculpatory circumstances." 166 Ohio St. at 66, 1 O.O.2d at 201, 139 N.E.2d at 39.

Contemnor's inaccessibility necessarily occurred outside the courtroom. We therefore find that the court erred by classifying contemnor's conduct as a direct contempt.[1] Because contemnor's conduct did not constitute direct contempt, he was entitled to the procedural protections set forth in R.C. 2705.03. Those protections were not provided. We therefore sustain the first assignment of error and remand for a hearing. In making this determination, we reject the legal arguments set forth in the second assignment of error to the effect that contemnor's conduct would not, as a matter of law, rise to the level of indirect contempt. Authority from this court states otherwise. We do not express any opinion on the merits of an indirect contempt citation under the facts of this case. The second assignment of error is overruled.

*Judgment reversed*
*and cause remanded.*

KILBANE and ROCCO, JJ., concur.

---

1. Appellee argues that contemnor committed direct contempt because he violated a court order that the attorneys for the parties "make sure" they were available upon short notice. Unfortunately, the court made this statement off the record, with no written memorialization of that order. A court speaks only through its journal. *Schenley v. Kauth* (1953), 160 Ohio St. 109, 51 O.O. 30, 113 N.E.2d 625, paragraph one of the syllabus. While contemnor does not dispute that the court asked the parties to be available upon short notice, this oral directive does not rise to the level of a court order whose violation would lead to contempt.