JOURNAL ENTRY and OPINION
This case is before the court on appeal from a decision of the Cuyahoga County Court of Common Pleas, Juvenile Division, finding appellant Anthony Stafford in contempt for failure to appear at a hearing and fining him $250. Stafford urges:
 I. THE TRIAL COURT ERRED, AS A MATTER OF LAW, TO THE PREJUDICE OF THE DEFENDANT-APPELLANT BY PROCEEDING WITH A HEARING WITHOUT THE PRESENCE OF DEFENDANT-APPELLANT'S COURT APPOINTED COUNSEL, IN ORDER FOR DEFENDANT-APPELLANT TO BE ADEQUATELY EXPLAINED HIS RIGHTS.
 II. THE TRIAL COURT ERRED, AS A MATTER OF LAW, TO THE PREJUDICE OF THE DEFENDANT TO PROCEED WITH A HEARING WITHOUT EXPLAINING TO THE DEFENDANT-APPELLANT IN OPEN COURT THE ABSENCE OF DEFENDANT-APPELLANT'S COURT APPOINTED ATTORNEY.
 III. THE TRIAL COURT ERRED, AS A MATTER OF LAW, TO THE PREJUDICE OF DEFENDANT-APPELLANT TO IDENTIFY [sic] WHETHER OR NOT THE DEFENDANT-APPELLANT EXERCISED HIS RIGHT PROPERLY IN THE ABSENCE OF HIS COURT APPOINTED COUNSEL.
 IV. THE COURT ERRED, AS A MATTER OF LAW [sic], TO THE PREJUDICE OF THE DEFENDANT-APPELLANT IN INCREASING THE CHILD SUPPORT ORDER IN AN ARBITRATY [sic] MANNER AND WITHOUT CALCULATING THE CHILD SUPPORT PURSUANT TO THE OHIO SUPREME COURT GUIDELINES FOR THE IMPLEMENTATION OF CHILD SUPPORT.
 V. THE TRIAL COURT ERRED, AS A MATTER OF LAW, TO THE PREJUDICE OF THE DEFENDANT-APPELLANT IN FINDING DEFENDANT-APPELLANT GUILTY OF CONTEMPT OF COURT AND FINES AT A COMPLIANCE REVIEW HEARING IN WHICH NOTICE WAS NOT ISSUED OR PROPERLY SERVED UPON DEFENDANT-APPELLANT.
 VI. TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT IN ORDERING THE DEFENDANT-APPELLANT TO PAY $250.00 FOR CONTEMPT WHILE FULLY AWARE THAT THE DEFENDANT-APPELLANT WAS IN FULL COMPLIANCE OF THE COURT'S PRIOR ORDER, AS WELL AS, FULLY AWARE THAT THE DEFENDANT-APPELLANT['S] SOURCE OF INCOME IS LIMITED.
We find the court's summary punishment of appellant for failure to appear at a hearing was erroneous. Therefore, we vacate the order imposing a fine upon appellant. Appellant has not demonstrated any error in the court's other rulings, so we affirm them.
 PROCEDURAL HISTORY
On February 18, 1983, the juvenile court established a parent-child relationship between appellant and a boy born September 11, 1981 to Teresa Smith. The court ordered appellant to pay $25 per week as current support for the child, beginning six months after the date of the order or upon appellant's securing employment, whichever occurred first.
Appellee filed a motion on January 27, 1994 asking appellant to show cause why he failed to comply with the court order. As a result, the court issued a warrant for appellant.
Appellant voluntarily appeared on the warrant on August 10, 1995. He waived his right to counsel and admitted the facts set forth in the motion to show cause. The court adjudged appellant guilty of contempt and sentenced him to ten days in jail, suspended on the condition that appellant comply with the support order. The court order also contained the following provision:
 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendant pay an additional Twenty-five Dollars ($25.00) per week plus a fee of 2% through the Cuyahoga Support Enforcement Agency, P.O. Box 93318, Cleveland, Ohio 44101-5318 to be applied on the Current Support Arrears due the Complainant of Six Thousand Eight Hundred Ninety-three Dollars ($6,893.00) for which the Court enters Judgment in favor of the Complainant and against the Defendant and when paid in full, the Defendant shall pay Twenty-five Dollars ($25.00) per week plus a fee of 2% through the Cuyahoga Support Enforcement Agency, P.O. Box 93318, Cleveland, Ohio 44101-5318 to be applied on the Current Support Arrears of Nine Thousand Three Hundred Eighty-two Dollars ($9,382.00) in favor of the Ohio Department of Human Services and against the Defendant.
On June 23, 1999, appellee moved the court to execute on the previously imposed sentence because appellant had failed to comply with the conditions of the suspended sentence. The court appointed counsel for appellant at a hearing held on April 12, 2000 and continued the matter to June 9, 2000.
At the hearing on June 9, the court found appellant had failed to provide a valid defense. The court further found the child would become emancipated on September 10, 2000. The court then ordered appellant to pay a total of $51 per week for current support and arrearages beginning on or before July 1, 2000 until his support obligation, current and past, was paid in full. This amount included a 2% administrative fee. The court also ordered appellant to pay the Cuyahoga Support Enforcement Agency $300 by July 28, 2000.
On July 28, 2000, the court held a hearing to review the prior order filed June 9. At that time, the court ordered additional hearings to be conducted on September 1 and 29, 2000, October 27, 2000 and December 1, 2000.
On August 24, 2000, appellant filed a motion to continue two of the four scheduled hearings, September 1 and December 1, 2000.
The court granted the motion to continue at the September 1 hearing, but only after appellant had appeared.
On September 20 and November 21, 2000, appellant filed motions asking the court to reconsider its order scheduling monthly hearings regarding his support obligations. Among other things, he argued that he lost pay by being away from his job in Columbus, Ohio. The court denied the first of these motions in its order following the September 29 hearing; there was no ruling on the second motion.
The docket contains a notation that appellant appeared for hearing on October 27, 2000. The hearing apparently did not go forward that day.
Appellant did not appear for the December 1, 2000 hearing. On February 21, 2001, the court entered a judgment which provided as follows:
 This matter came on for hearing on December 1, 2000 before the Honorable June R. Galvin, Judge by assignment, upon the evidence and upon a Court order dated September 29, 2000 continuing this cause for review for compliance.
The relator is Teresa Smith. The defendant is Anthony Stafford.
 Proof of service is in the file. The Court finds that the Clerk sent notice of hearing to each party to this proceeding not less than seven days prior to this hearing.
 The Court retained jurisdiction over the parties and the subjection [sic] matter of this action.
 The Court finds that the Assistant County Prosecutor, Joanna Whinery, legal counsel for the Cuyahoga Support Enforcement Agency, and Attorney Charles Feuer, legal counsel for the defendant, are present.
The defendant has failed to appear although duly served and sent notice of hearing.
 The Court finds that the defendant is in full compliance with the Court's prior order.
 The Court finds that the defendant is guilty of contempt of Court and fines the defendant $250.00 for contempt of Court for his failure to appear.
 It is further ordered that the defendant pay Court costs to the Clerk of the Juvenile Court, Cashier's Office, Walter Whitlatch Building, 1910 Carnegie Avenue, Cleveland, Ohio 44115.
This appeal followed.
 LAW AND ANALYSIS
Appellant's first three assignments of error challenge the court's order of July 28, 2000 scheduling the four monthly hearings from September 1 to December 1, 2000. Each of these assignments alleges that appellant was prejudiced by the fact that his attorney was not present for the portion of the July 28 hearing at which the additional hearings were scheduled.
Both the court's worksheet and a transcript of the proceedings at the July 28 hearing indicate that appellant was represented by counsel; there is nothing in the record to show that counsel was not present for any portion of the proceedings. Therefore, appellant has failed to exemplify the claimed error in the record. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199; Tyrell v. Investment Assoc. (1984),16 Ohio App.3d 47, 50.
In any event, the scheduling of court proceedings is within the court's discretion; appellant's consent was not needed for the court to set the schedule it did. Therefore, appellant could not have been prejudiced if his attorney were not present when the court scheduled the hearings.
For these reasons, we overrule the first three assignments of error.
The fourth assignment of error claims the court modified the child support order without considering the child support guidelines. Appellant's characterization of the court order is inaccurate. The court did not modify the child support order; it only provided an orderly means for appellant to bring the arrearages current. His support obligation of $25 per week was never modified. Therefore, we overrule the fourth assignment of error.
Appellant's fifth and sixth assignments of error claim the court erred by finding him in contempt for failing to appear at the December 1, 2000 hearing. We agree.
Whether the failure to appear at a hearing is characterized as an indirect contempt or a direct contempt,[1] the court was not authorized to punish it summarily. Under R.C. 2705.01,
 A court, or judge at chambers, may summarily punish a person guilty of misbehavior in the presence of or so near the court or judge as to obstruct the administration of justice.
The power to summarily punish a contempt of court is limited in two ways. First, the conduct must be such that the determinative facts of the offense are known to the court personally. If external facts are needed for the court to make a determination, then a summary proceeding is inappropriate. Second, the nature and quality of the contempt must be such that it presents an immediate threat to the orderly conduct of the court's business, so that prompt action is required to maintain the court's authority. In re Davis (1991), 77 Ohio App.3d 257, 263-64.
Here, the determinative facts were not known to the court when it found appellant in contempt. The court did not know the reason for appellant's failure to appear and therefore could not determine whether appellant was at fault so that punishment was appropriate. Furthermore, appellant's failure to appear did not present any immediate threat to the court's authority. Therefore, summary punishment was not authorized. State v. Belcastro (2000), 139 Ohio App.3d 498, 502.
Accordingly, we vacate the order imposing a fine on appellant for contempt of court for failing to appear at the hearing.[2]
The judgment entry of February 21, 2001 is vacated to the extent it imposes a fine on appellant for contempt of court. Except to the extent vacated, the judgment is affirmed.
It is, therefore, considered that each party shall bear his, her, or its own costs.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas, Juvenile Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, J. and COLLEEN CONWAY COONEY, J. CONCUR
[1] This court has consistently held that the arriving late to a hearing or not appearing at all constitutes an indirect contempt of court. State v. Belcastro (2000), 139 Ohio App.3d 498, 501. However, some jurisdictions treat party or attorney absences as direct contempt. See In re Davis (1991), 77 Ohio App.3d 257, 265, for a thorough discussion of the various authorities on this subject.
[2] Nothing in this opinion precludes the court from scheduling a hearing for appellant to show cause why he should not be held in contempt.