OPINION
Defendant-appellant William Burgess appeals from the September 10, 2001, Journal Entry of the Delaware Municipal Court. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On May 16, 2001, appellant, who resides in Texas, was cited for speeding in violation of R.C. 4511.21(D)(3)[1]. The citation issued to appellant indicates that appellant was clocked driving 73 MPH in a 55 MPH zone. In addition, the citation ordered appellant to appear in Delaware Municipal Court on May 31, 2001, and warned appellant that failure to appear may result in the cancellation of his driver's license or his arrest.
After failing to appear in court on the above date, appellant, on June 11, 2001, filed a "Request for Production (Radar)" and a letter stating his wish to enter a plea of not guilty to the charge of speeding and to request a jury trial. Appellant, in his Request for Production, sought, in part, discovery of information relating to the radar unit used by the officer who cited him. Thereafter, as memorialized in a Judgment Entry/ Magistrate's Decision filed on June 12, 2001, the trial court ordered appellant's driver's license forfeited and canceled due to appellant's failure "to appear after being duly served with notice of the [May 31, 2001] hearing, or having failed to pay fines and costs or complete the jail sentence . . ."
The trial court, on June 18, 2001, filed a notice setting a bench trial date of July 10, 2001, and stating that appellee was to provide discovery to appellant within 15 days of a discovery demand. Subsequently, in a letter to the court that was filed on July 5, 2001, appellant stated, in relevant part, as follows:
 My request for production has not been answered. All parties involved are under the control of the state, who is the complainant. Under the custody, control, possession or superior right rules governing discovery, it is the prosecutor's responsibility to provide the items requested.
 Each item requested clearly falls under the rules of discovery. For example, I requested the operators manuals from the department and the manufacturer. It is my belief there are items in these manuals that will assist in proving my innocence such as:
 Electronic noises generated by transformers, cellular telephones or other radio transmitters can cause a radar unit to display a false reading.
 Unless the road is perfectly level, the radar can shoot over or under the target.
 The vehicle must be out front, alone, by itself (which I was not).
 The radar does not operate accurately above 90% relative humidity. . . .
I ask the court to compel the prosecutor to fill this request. . . .
However, pursuant to a Journal Entry/ Magistrate's Decision filed on July 9, 2001, the Magistrate denied appellant's motion to compel discovery, holding that appellee was only required to make discoverable records available for inspection and was not required to ship documents or records to appellant in Texas. The Magistrate, in his Journal Entry/ Magistrate's Decision, further noted that appellant's motion "does not indicate that State withheld access to requested documents" and that much of what appellant sought in his request for discovery was not subject to Crim.R. 16. Finally, the Magistrate, in his entry, ordered the parties to make all documents subject to disclosure under Crim.R. 16 available for inspection and copying or face sanctions for failing to do so.
After appellant failed to appear in court on July 10, 2001, for trial, the Magistrate, in an entry filed on July 10, 2001, ordered that no trial date be set until appellant appeared and also declared appellant's driver's license forfeited due to failure to appear for a classified misdemeanor offense. Subsequently, appellant, in a letter to the court that was filed on July 27, 2001, stated as follows: "I wish to enter a plea of no contest and waive all rights I have in this court, and I wish to appeal this case to a higher court. . .". In response to appellant's letter, a plea hearing was scheduled by the trial court for September 10, 2001[2]. After appellant once again failed to appear in court, the trial court, in an entry filed on September 10, 2001, again declared appellant's driver's license forfeited due to failure to appear and set bail in the amount of $150.00. Appellant, in a letter to the court that was filed on September 12, 2001, stated as follows: "I wish to change my plea to guilty and waive all rights I have in this court, and I wish to appeal this case to a higher court". Subsequently, the Magistrate, as memorialized in an October 18, 2001, Journal Entry/Magistrate's Decision, held as follows:
 This court cannot accept a written plea as tendered. Hence, the document is not effective as a plea. No judgment of conviction can be entered, or sentence imposed.
 On September 10, 2001, defendant failed to appear as scheduled. As a result, the court ordered his operator's license cancelled effective 30 days from that date. Defendant appears to have a Texas driver license. Upon canceling defendant's privilege to drive in Ohio, the Ohio BMV will notify Texas which will also cancel Defendant's license in that state.
 At present the OL cancellation order is the only judgment in the file. To the extent that there is an order in the file affecting defendant's right to drive in Ohio, the September 12, 2001 document filed by defendant must be an appeal from that interlocutory order.
The Magistrate further directed the clerk to "treat defendant's September 12, 2000, document as an appeal to the Fifth District Court of Appeals."
Thus, it is from the trial court's September 10, 2001, Entry that appellant now prosecutes his appeal. While appellant has failed to include in his brief a statement of the assignments of error presented for review as is required by App.R. 16, appellant argues in his brief that (1) he did not receive a fair trial since he did not receive discovery and (2) "[m]any things could have interfered with his [the arresting officer's] radar".
However, this court does not have jurisdiction to consider appellant's assignments of error because there is no final appealable order subject to appellate review. Only a judgment or final order may be reviewed on appeal. R.C. 2953.02. A final order is one that affects a party's substantial rights by determining the action and preventing a judgment. R.C. 2505.02(B)(1).
It is axiomatic that in Ohio a court speaks only through its journal entries. See State v. Belcastro (2000), 139 Ohio App.3d 498. In the case sub judice, as noted by the Magistrate in his October 18, 2001, Journal Entry/Magistrate's Decision, the only judgment in the file was the interlocutory entry ordering the cancellation of appellant's driver's license for failure to appear pursuant to R.C. 2935.27.[3] While appellant, via a letter to the trial court that was filed on September 12, 2001, expressed his wish to enter a guilty plea, there is no judgment entry entered by the trial court accepting appellant's plea. Nor is there an entry in the record convicting appellant of speeding. In short, there is no journal entry in the trial court record either convicting or sentencing appellant.
Appellant's appeal is, therefore, dismissed for lack of a final appealable order.
By EDWARDS, J., FARMER, P.J. and BOGGINS, J. concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the appellant's appeal is dismissed. Costs to appellant.
[1] R. C. 4511.21(D)(3) states as follows
 (D) No person shall operate a motor vehicle, trackless trolley, or streetcar upon a street or highway as follows:
. . .
 (3) If a motor vehicle weighing in excess of eight thousand pounds empty weight or a noncommercial bus as prescribed in division (B)(10) of this section, at a speed exceeding fifty-five miles per hour upon a freeway as provided in that division. . . .
[2] Notice of the same was served on appellant.
[3] Appellant, in his brief, does not challenge the trial court's order that his driver's license be forfeited.