OPINION
{¶ 1} Defendant-appellant Timothy Smith appeals the judgment of the Campbell Municipal Court. The issue before this court is whether the trial court violated Smith's due process rights by failing to provide notice of the alleged violations and the hearing. For the following reasons, the decision of the trial court is reversed and this cause is remanded for further proceedings.
 STATEMENT OF THE CASE {¶ 2} The state did not file a brief in this matter and therefore, in accordance with App.R. 18(C), we may accept Smith's statement of facts as correct.
 {¶ 3} Smith was charged with one count of public indecency, a violation of Campbell Municipal Ordinance § 133.05. He initially entered a plea of not guilty, but later pled guilty to an amended charge of disorderly conduct, per a Rule 11 plea agreement.
 {¶ 4} The trial court sentenced Smith to a suspended 30 days in the city jail, fined him $250 plus court costs, and placed him on six months reporting probation. As a condition of the probation, Smith was ordered to resume counseling with the Eastern Behavioral Health Center.
 {¶ 5} Approximately four months later, Smith appeared in court. The record is unclear as to how or why Smith was in the presence of the court. Further, the record is devoid of any evidence that Smith received written notice of the hearing prior to its occurrence. Due to the lack of prior notice, Smith's counsel was not present at the hearing. No transcript of the proceeding was filed. Smith was found in contempt of the trial court's previous orders. The docket stated in part, "Sentence of 6/19/01 is reinstated. Def must serve 30 days in county jail and order for counseling to continue after released from jail." Smith timely appealed from that order.
 ASSIGNMENT OF ERROR NUMBER ONE {¶ 6} Smith raises two assignments of error. The first assignment of error alleges:
 {¶ 7} "THE TRIAL COURT DENIED APPELANT DUE PROCESS, THE ABILITY TO MEANINGFULLY DEFEND LIBERTY, EQUAL PROTECTION, A REMEDY IN THE COURTS BY DUE COURSE OF LAW, AND THE ADMINISTRATION OF JUSTICE WITHOUT DENIAL WHEN THE COURT REVOKED APPELLANT'S PROBATION WITHOUT PRIOR NOTICE OF THE CHARGES AND A TWO-STEP HEARING PROCESS TO DETERMINE WHETHER THE REVOCATION WAS JUSTIFIED. U.S. CONST. AMEND. XIV AND OHIO CONST. ART. I, §§ 1, 2, AND 17, RESPECTIVELY."
 {¶ 8} The municipal court treated Smith's alleged failure to attend the counseling sessions as an act of contempt rather than a violation of probation. This was an error by the trial court. State v.Jacobs (June 29, 2000), 3rd Dist. No. 9-2000-15. It is undisputed that Smith was placed on probation after entering a plea. A term of that probation was that Smith attend counseling sessions. Smith failed to attend these sessions. As such, he violated the terms of his probation. The proper action would have been a motion to terminate Smith's probation, not a contempt of court action. Id. However, due to the trial court's action of treating the alleged violation as a contemptuous act, we will discuss the requirement for both contempt and probation revocation hearings.
 {¶ 9} A person guilty of "[d]isobedience of, or resistance to, a lawful writ, process, order, rule, judgment or command of a court or officer" may be punished for contempt." R.C. 2705.029(A). There are two types of contempt: indirect contempt and direct contempt. "Direct contempt usually involves some misbehavior which takes place in the actual courtroom." In re Purola (1991), 73 Ohio App.3d 306, 310. For that reason, the violator may be summarily punished because the facts are directly known to the court. In re Davis (1991), 77 Ohio App.3d 257,263-264. Indirect contempt, on the other hand, is committed outside the presence of the court but which also tends to obstruct the due and orderly administration of justice. State v. Belcastro (2000), 139 Ohio App.3d 498,501, citing In re Land (1946), 146 Ohio St. 589, 595. The court generally has no personal knowledge of the alleged contemptuous behavior and, as such, it must afford the accused procedural safeguards such as a written charge, an adversary hearing, and the opportunity for legal representation. Belcastro, supra, citing R.C. 2705.03; State ex rel.Seventh Urban, Inc. v. McFaul (1983), 5 Ohio St.3d 120, 122; State v.Moody (1996), 116 Ohio App.3d 176, 180.
 {¶ 10} Smith's failure to attend the counseling sessions occurred outside the presence of the court and therefore it would be indirect contempt. As such, Smith was entitled to the procedural safeguards of having written notice of the charge and hearing, and the opportunity for legal representation. Belcastro, supra. The record is devoid of any evidence that written charges or notice of the hearing were sent to Smith. Smith was not provided the procedural safeguards required for an indirect contempt hearing.
 {¶ 11} The requirements for a contempt hearing are similar to those for a probation revocation hearing. The end result still fell short of due process. The United States Supreme Court has held that due process requirements apply to probationers. Gagnon v. Scarpelli (1973),411 U.S. 778; Morrissey v. Brewer (1972), 408 U.S. 471. These requirements include: (1) written notice of the violations alleged, (2) the disclosure of evidence against the probationer, (3) the right to be heard and present evidence, (4) the right to cross-examine the witnesses testifying against probationer, (5) the right to appear before a neutral and detached hearing officer, and (6) a written statement from the hearing officer relaying what evidence was relied upon in reaching the decision. State v. Myers (Jun. 21, 1996), 7th Dist. No. 95-CO-29 citingMorrissey, 408 U.S. 471. This serves as an elaboration of Crim.R. 32.3(A), which states in part that "the court shall not revoke probation, except after a hearing at which the defendant shall be present and apprised of the grounds on which such action is proposed." Additionally, it was held that, like parolees, probationers are entitled to both preliminary and final revocation hearings. Gagnon, 408 U.S. at paragraph one of the syllabus.
 {¶ 12} It is these requirements Smith alleges were not met, specifically the steps of notification and dual phases of hearings. As stated above, there is no evidence of written notification in the file, nor is there documentation of such notice in the docket. Also, there is only one hearing recorded in the docket. Although the two hearings may be merged without violating the probationer's rights, Myers, supra, this is only permissible when the probationer has had ample notice, is prepared for the components of both hearings, cannot show prejudice due to the combining, and does not object to the merger. Id. at 5. As there was no notice, Smith was not prepared to proceed with both phases. Smith's procedural due process rights were violated.
 {¶ 13} Regardless of whether the trial court erroneously treated the violation as contemptuous conduct or a probation violation, Smith was entitled to notice of the charges against him and notice of hearing. The lack of notice resulted in due process violations. As such, this assignment of error is meritorious.
 ASSIGNMENT OF ERROR NUMBER TWO {¶ 14} "THE TRIAL COURT DENIED APPELLANT THE ABILITY TO MEANINGFULLY DEFEND LIBERTY, EQUAL PROTECTION, A REMEDY IN THE COURTS BY DUE COURSE OF LAW, THE ADMINISTRATION OF JUSTICE WITHOUT DENIAL, AND THE ASSISTANCE OF COUNSEL WHEN THE COURT REVOKED APPELLANT'S PROBATION WITHOUT EITHER ALLOWING APPELLANT THE OPPORTUNITY TO CONTACT RETAINED COUNSEL, OR APPOINTED COUNSEL. U.S. CONST. AMEND. VI AND XIV; OHIO CONST. ART. I, §§ 1, 2, 10 AND 16; OHIO CRIM.R. 32.2."
 {¶ 15} Due to our resolution of the first assignment of error, this assignment of error is moot.
 {¶ 16} For the foregoing reasons, the decision of the trial court is hereby reversed and this case is remanded for further proceedings according to law and consistent with this court's opinion.
Donofrio, and Waite, JJ., concur.