## In re CONTEMPT OF HEFFERNAN.

[Cite as *In re Contempt of Heffernan,* 177 Ohio App.3d 499, 2008-Ohio-3685.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 90729.

Decided July 24, 2008.

Edward A. Heffernan, pro se.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Sara E. DeCaro, Assistant Prosecuting Attorney, for appellee.

KENNETH A. ROCCO, Judge.

{¶ 1} The contemnor, Edward A. Heffernan, appeals from a common pleas court order finding him in contempt and fining him $500. Appellant argues that the court erred by finding him in direct contempt and that the evidence was insufficient to sustain the contempt conviction. We find that appellant's conduct was not a direct contempt that the court could summarily punish. Accordingly, we reverse.

## Procedural History

{¶ 2} The contempt order at issue here arises out of a criminal proceeding in the case of *State v. Landers*, Cuyahoga County Common Pleas Court Case No. CR–497284. The portions of the record relevant to this appeal are extremely limited. The criminal case was scheduled for trial on October 23, 2007. Two motions to suppress were pending. The transcript of proceedings on October 23, 2007, states:

{¶ 3} "THE COURT: Mr. Heffernan [appellant], what time is it now?

{¶ 4} "MR. HEFFERNAN: Quarter to three.

{¶ 5} "THE COURT: You were told to be here at what time?

{¶ 6} "MR. HEFFERNAN: 2:00.

{¶ 7} "THE COURT: I'll fine you $500 for being in contempt of court. Pay that to the clerk of courts by Friday at noon, do you understand?

{¶ 8} " * * *

{¶ 9} "MR. HEFFERNAN: Thank you. Your Honor, I was here this morning for trial and I was able to speak to the prosecutor and spoke to her because she was handling a number of cases.

{¶ 10} "I've been in, so far today, four other courts and your bailiff told me that we would not be going in the morning, he told me that about 1:00.

{¶ 11} "I had a 1:00 hearing with Judge Weiler, at which time I went to Judge Weiler's, and I brought for you the time-stamped journal entry that I was. That is the reason I was late.

{¶ 12} "I asked the bailiff to call in regards to your court, knowing the difficulty I may have in regards to being back here by 2:00.

{¶ 13} "THE COURT: This case was set for trial, I expect you to be available for trial throughout the course of the day. I don't care what else you have.

{¶ 14} " * * *

{¶ 15} "The cases are set for 9:00, you're to be here the day of trial at 9:00, you wait for the Court, the Court does not wait for you.

{¶ 16} "$500."

{¶ 17} The court subsequently entered a written order fining appellant $500 for being late.

{¶ 18} Even though both parties requested a continuance of the matter, a short time later, the court dismissed the charges against Mr. Landers, without prejudice, because the state's witnesses (who had been present earlier in the day) had not returned to the court, so the state was not prepared to proceed on the motions to suppress.

## Law and Analysis

{¶ 19} Findings of contempt are reviewed for abuse of discretion. *State v. Kilbane* (1980), 61 Ohio St.2d 201, 15 O.O.3d 221, 400 N.E.2d 386, paragraph one of the syllabus. An abuse of discretion suggests that the court's order was arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

{¶ 20} Contempt may be civil or criminal in nature and may be direct or indirect. A criminal contempt order serves the purpose of punishing the offender and vindicating the court's authority, while a civil contempt order attempts to coerce compliance with the court's directives. *Brown v. Executive 200, Inc.* (1980), 64 Ohio St.2d 250, 254, 18 O.O.3d 446, 416 N.E.2d 610. Indirect contempt occurs outside the court's presence. Direct contempt is misbehavior that occurs in the court's presence and that obstructs the due and orderly administration of justice. R.C. 2705.01 and 2705.02; *State v. Webster*, Hamilton App. Nos. C–070027 and C–070028, 2008-Ohio-1636, 2008 WL 901454, ¶ 56.

{¶ 21} In his first assignment of error, appellant argues that the court abused its discretion by finding him in direct contempt,[1] because the allegedly contemptuous conduct did not occur in the court's presence. This court has consistently held that being late for a hearing or not appearing at all is at best an indirect contempt. See, e.g., *State v. Belcastro* (2000), 139 Ohio App.3d 498, 501, 744 N.E.2d 271; see also *Weiland v. Indus. Comm.* (1956), 166 Ohio St. 62, 66, 1 O.O.2d 198, 139 N.E.2d 36. Accordingly, we agree with appellant that his conduct was not a direct contempt and could not be summarily punished.[2]

---

1. The court did not expressly state whether it considered appellant's contempt to be direct or indirect, but the fact that it summarily punished appellant's conduct implies that it found a direct contempt. Indirect contempts always require the court to afford the contemnor notice and an opportunity to be heard.

2. To punish appellant for lateness as an indirect contempt, the court should have afforded appellant the procedural protections of R.C. 2705.03, including written notice of the charge

{¶ 22} The common pleas court abused its discretion by summarily finding appellant in contempt and fining him $500. Therefore, we reverse.

Judgment reversed.

CALABRESE, P.J., and BLACKMON, J., concur.

and an opportunity to be heard by himself or through counsel. The court allowed appellant to explain why he was late, but this limited opportunity to be heard was not sufficient to meet the requirements of R.C. 2705.03.