[Cite as *E.G. Licata, L.L.C. v. E.G.L., Inc.*, 2017-Ohio-5840.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

E.G. Licata, LLC

    Appellee

v.

E.G.L., Inc.

    Appellant

Court of Appeals Nos. L-16-1244
L-16-1245

Trial Court Nos. CVG-16-06312
CVG-16-06313

**<u>DECISION AND JUDGMENT</u>**

Decided: July 14, 2017

* * * * *

James S. Nowak, for appellee.

Ronald A. Skingle, for appellant.

* * * * *

**OSOWIK, J.**

**{¶ 1}** This is a consolidated appeal from an October 6, 2016 judgment of the Toledo Municipal Court, Housing Division, finding appellant in contempt of court following appellant's direct refusal at an in-person pretrial hearing to abide by the trial court's previously issued order that appellant place all past-due rent and property taxes

into an escrow account in connection with the underlying commercial property landlord-tenant dispute. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} Appellant, E.G.L., Inc. ("EGL"), sets forth the following two assignments of error:

> NO. 1: THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING APPELLANT IN CONTEMPT OF COURT FOR FAILING TO PLACE PAST DUE RENT AND PROPERTY TAXES INTO ESCROW BECAUSE IT FAILED TO COMPLY WITH THE REQUIREMENTS OF R.C. 2705.03 THEREBY DENYING APPELLANT DUE PROCESS OF LAW.

> NO. 2: THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING APPELLANT IN CONTEMPT OF COURT BECAUSE ITS ORDER TO PLACE PAST DUE RENT AND PROPERTY TAXES INTO ESCROW WAS NOT LAWFUL.

{¶ 3} The following undisputed facts are relevant to this appeal. This case arises from a commercial property landlord-tenant dispute. Appellant had operated a sexually oriented business governed by Toledo Municipal Code 767 for over 30 years at a commercial property location owned by appellee.

{¶ 4} The underlying event which triggered the instant matter was that in 2015 appellant ceased paying the full contractual monthly rental amount based upon

2.

allegations that appellee was improperly failing to make necessary repairs or alterations to the property. However, the underlying lease agreement which was in effect for many years between the parties had required appellant to make any desired alterations or repairs at appellant's expense.

{¶ 5} On August 1, 2015, appellant began to submit a reduced rental amount to appellee. On November 1, 2015, appellee began to refuse the unilaterally lowered rental payment premised upon appellee's position that the governing lease terms required appellant to undertake the cost of any desired repairs or alterations.

{¶ 6} On April 29, 2016, appellee filed a complaint in the Toledo Municipal Court, Housing Division, against appellant for the ongoing failure to pay the contractual monthly rental obligation for the leased commercial premises.

{¶ 7} On September 20, 2016, the trial court ordered appellant to deposit past-due rent and tax monies into the appropriate escrow account within one week given the ongoing landlord-tenant dispute. On October 6, 2016, an in-person pretrial conference was conducted before the trial court.

{¶ 8} At the pretrial conference, the trial court directly inquired of counsel for appellant as to why appellant had failed to abide by the prior September 20, 2016 trial court order to place the disputed monies owed into escrow by September 27, 2016. Appellant conveyed to the trial court that appellant had no intention of compliance with the court order regarding the escrow deposit.

3.

{¶ 9} In response to being informed that appellant would continue to disobey the September 20, 2016 court ordered escrow deposit, the trial court found appellant in contempt of court and placed a fine upon appellant to remain in effect until appellant complied with the court order. This appeal ensued.

{¶ 10} In the first assignment of error, appellant maintains that the trial court committed reversible error in issuing the October 6, 2016 contempt finding against appellant. We do not concur.

{¶ 11} In support of the first assignment of error, appellant argues that the trial court's contempt finding was an abuse of discretion as it did not comply with R.C. 2705.03 contempt of court notice requirements.

{¶ 12} The applicable standard of review for the contempt finding is abuse of discretion. An abuse of discretion connotes more than a mere error of law or judgment. It requires demonstration that the trial court's action was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 13} We note that the veracity of appellant's first assignment of error is contingent upon appellant's characterization of the subject contempt finding as an indirect contempt finding.

{¶ 14} As set forth at ¶ 20 in *In Re Contempt of Heffernan*, 177 Ohio App.3d 499, 2008-Ohio-3685, 895 N.E.2d 215 (8th Dist.), "Indirect contempt occurs outside of the court's presence, direct contempt is misbehavior that occurs in the court's presence and that obstructs the due and orderly administration of justice." *Id*. at ¶ 56.

4.

{¶ 15} We find that the record reflects that the conduct of appellant at the October 6, 2016 trial court hearing constituted direct contempt of court. As such, the R.C. 2705.03 requirements were inapplicable.

{¶ 16} R.C. 2705.01 establishes, "A court, or judge at chambers, may summarily punish a person guilty of misbehavior in the presence of, or so near the court or judge as to obstruct the administration of justice." Appellant's ongoing refusal to abide by the trial court's September 20, 2016 escrow order, directly conveyed to the trial court at the October 6, 2016 trial court hearing constituted direct contempt of court.

{¶ 17} Accordingly, the statutory requirements cited by appellant in support of the claimed abuse of discretion were inapplicable and the contempt finding by the trial court against appellant was not arbitrary, unreasonable, or unconscionable. Appellant's first assignment of error is not well-taken.

{¶ 18} In appellant's second assignment of error, appellant similarly maintains that the trial court contempt finding was improper as the underlying court order to place past-due monies into escrow was unlawful. We do not concur.

{¶ 19} In support of the second assignment of error, appellant maintains that the trial court lacked any authority to issue the escrow order as the underlying property involved is commercial, not residential, property. As such, appellant contends that the R.C. 1923 statutory escrow provisions do not apply.

{¶ 20} Contrary to appellant's assertion, Ohio courts have consistently held that R.C. 1923 provisions do apply to commercial properties, in addition to residential

5.

properties. For example, the Tenth District Court of Appeals has clearly held that the provisions of R.C. 1923 are applicable to commercial properties. *Craig Wrecking Co. v. S.G. Loewendick & Sons, Inc.*, 38 Ohio App.3d 79, 526 N.E.2d 321 (10th Dist. 1987). As such, the trial court escrow order in the instant case was not unlawful so as to arguably compromise the propriety of the disputed contempt finding. Wherefore, we find appellant's second assignment of error not well-taken.

{¶ 21} On consideration whereof, the judgment of the Toledo Municipal Court, Housing Division, is hereby affirmed. The stay ordered by this court on December 9, 2016, is withdrawn. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.

Thomas J. Osowik, J.

Christine E. Mayle, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE